1  BENJAMIN B. WAGNER
   United States Attorney
2  DEANNA L. MARTINEZ
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Plaintiff

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            )    1:09-CV-01004-OWW-GSA
                                         )
12              Plaintiff,               )    **STIPULATION FOR TEMPORARY**
                                         )    **HARDSHIP RELEASE AND ORDER**
13       v.                              )    **THEREON**
                                         )
14  11880 EAST HARVARD AVENUE,           )
    SANGER, CALIFORNIA, FRESNO           )
15  COUNTY, APN 309-352-02,              )
    INCLUDING ALL APPURTENANCES          )
16  AND IMPROVEMENTS THERETO,            )
                                         )
17  APPROXIMATELY $2,770.00 IN US.       )
    CURRENCY, and                        )
18                                       )
    2005 CHEVROLET TRUCK,                )
19  VIN: 2GCEC19T051249989,              )
    LICENSE: 7U34478,                    )
20                                       )
                Defendants.              )
21  _____ )

22       IT IS HEREBY STIPULATED by and between Plaintiff United States of America,

23  Claimant Renatta Carter-Ford ("Claimant"), through their attorney of record as follows:

24       1.     This is a civil forfeiture action which affects the defendant a 2005 Chevrolet

25  Truck, VIN: 2GCEC19T051249989, License Number 7U34478, (hereafter "defendant vehicle")

26       2.     A Verified Complaint for Forfeiture *In Rem* was filed on November 9, 2009,

27  seeking the forfeiture of the defendant vehicle, alleging said vehicle is subject to forfeiture to the

28  United States of America pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), on the grounds that

                              1    STIPULATION FOR TEMPORARY HARDSHIP RELEASE AND
                                                                    ORDER THEREON

1  the defendant vehicle constitutes proceeds and/or property used to facilitate a conspiracy to

2  commit or are traceable to a violation of 18 U.S.C. § 1028(a)(7) [Identity Theft], 18 U.S.C. §

3  1029 [Credit Card Fraud], 18 U.S.C. § 1341 [Mail Fraud], 18 U.S.C. § 1343 [Wire Fraud], 18

4  U.S.C. § 1349 [Conspiracy to Commit Wire Fraud], and 18 U.S.C. §§ 1956 and 1957 [Money

5  Laundering].

6       3.     On November 10, 2009, in accordance with said Complaint, a Warrant For Arrest

7  of Articles *In Rem* for the defendant vehicle was issued and duly executed on December 15,

8  2009.

9       4.     Public notice of the forfeiture action was published on the official internet

10  government forfeiture site www.forfeiture.gov for at least 30 consecutive days beginning

11  November 19, 2009, as required by Rule G(4) of the Supplemental Rules for Admiralty or

12  Maritime Claims and Asset Forfeiture Actions.  The Declaration of Publication was filed with

13  the Court on December 15, 2009.

14       5.     In addition to the Public Notice of Arrest having been completed, actual notice

15  was served upon Renatta Carter-Ford and lien holder GMAC, Inc., dba GMAC Financial

16  Services Inc., a corporation (hereafter GMAC).  GMAC filed their Answer to the Complaint and

17  Request For Expedited Settlement on January 14, 2010.  On July 13, 2010, the government

18  received verification that GMAC's lien on the defendant vehicle is $494.99.   To date, no other

19  parties have filed claims or answers in this matter, and the time for which any person or entity

20  may file a claim and answer has expired.

21       6.     The United States' allegations are set forth in its Verified Complaint For

22  Forfeiture *In Rem* filed November 9, 2009.

23       7.     Claimant has provided verification that on June 11, 2010, she was involved in a

24  traffic accident in which her 1996 Toyota 4 Runner was totaled.  The United States and Claimant

25  have agreed to the return of defendant vehicle pursuant to 18 U.S.C. Section 983(f) pending

26  completion of the pending forfeiture proceedings in accord with the following terms:

27  ///

28  ///

2   STIPULATION FOR TEMPORARY HARDSHIP RELEASE AND
ORDER THEREON

1                                      **TERMS OF RELEASE**

2          (a)      Defendant vehicle shall be released pending final disposition in this matter

3   to Claimant upon execution of this agreement and entry of the Order for use by Claimant.

4          (b)      Upon release of the vehicle, pending final disposition of the forfeiture

5   proceedings involving defendant vehicle, Claimant agrees to maintain the vehicle so as to

6   preserve it in at least the same condition as when the defendant vehicle was seized.  Claimant

7   agrees to make, at her expense, all repairs and undertake all maintenance necessary to assure

8   compliance with this paragraph.  This shall include, but is not limited to, all regularly scheduled

9   maintenance and inspection items specified by the manufacturer and replacement of such items

10  as fluids, oils, lubricants, water, tires, belts, hoses or other parts required to be replaced to

11  maintain the vehicle in at least the same condition as when seized.  Where the manufacturer's

12  regularly scheduled maintenance schedule specifies replacement of moving parts, whether or not

13  those parts have ceased normal functioning, claimant shall replace such parts in accordance with

14  the recommended schedule.  All replacements shall be with parts which meet or exceed

15  manufacturer's specifications.  If Claimant proposes to replace any factory installed part with any

16  part which is not authorized or recommended by the manufacturer, claimant shall obtain the prior

17  written approval of the United States Attorneys Office.

18         (c)      Claimant shall comply with all licensing and inspection requirements of

19  the State of California,  including timely paying all personal property taxes and licensing fees.

20         (d)      Claimant agrees to maintain insurance coverage on defendant vehicle

21  acceptable to the United States to insure the vehicle against loss.  This coverage shall include

22  liability, comprehensive and collision coverage with a deductible in the event of loss not to

23  exceed $500.  Prior to release of defendant vehicle, Claimant shall furnish written proof that the

24  United States has been named as a loss payee on the  insurance policy in the event of any partial

25  or total loss involving the defendant vehicle.  Proof of compliance with this provision shall be

26  provided to the United States prior to release of the vehicle to Claimant.  In addition, Claimant

27  shall provide verification of continued automobile insurance coverage as agreed upon herein on

28  the First of each and every month until further order of the Court.

                                        3      STIPULATION FOR TEMPORARY HARDSHIP RELEASE AND
                                               ORDER THEREON

1  (e)     Claimant will not transfer title to this vehicle under any circumstances

2  without the authorization of the court.  Claimant will not encumber the vehicle in any manner,

3  nor grant any interest in this vehicle to any party.  Claimant agrees to entry of a lien in favor of

4  the United States against defendant vehicle and shall execute all documents necessary to permit

5  recording  of the lien prior to release of defendant vehicle.  Claimant shall not allow or permit

6  any other encumbrances to be placed upon defendant vehicle.

7  (f)     Claimant shall permit a representative of the United States Marshal to

8  conduct monthly inspections of defendant vehicle.

9  (g)     Claimant agrees not to make any alterations to defendant vehicle,

10  including removal or replacement of components, other than as required by this agreement,

11  without the express written approval of a representative of the United States Attorneys Office.

12  (h)     Claimant agrees to report any accident involving defendant vehicle to the

13  United States Attorneys Office within three days of the occurrence.  Claimant shall provide a

14  copy of any accident report filed concerning the defendant vehicle, including a copy of any police

15  report.

16  (I)     Claimant agrees that she will not permit the use of defendant vehicle for

17  any purpose which violates any local or county ordinance, or state or federal statute.

18  (j)     Unless expressly agreed to in writing by the United States Attorneys

19  Office, no individual other than Claimant may operate defendant vehicle.

20  (k)     Claimant agrees to report any moving violation received by Claimant or

21  any other operator, whether or not authorized pursuant to this agreement to the United States

22  Attorneys Office.

23  (l)     Claimant shall not subject defendant vehicle to any unusual wear and tear

24  which would diminish the value of the vehicle.  This includes, but is not limited to, hauling of

25  any materials, cargo or passengers at weights which exceed manufacturer's specifications and

26  excessive mileage.

27  (m)     In the event that the United States obtains forfeiture of defendant vehicle,

28  any decrease in the value of defendant vehicle due to unusual wear and tear as described herein,

4   STIPULATION FOR TEMPORARY HARDSHIP RELEASE AND
ORDER THEREON

1    from the date of release to the date of forfeiture shall be paid by Claimant.  The value of

2    defendant vehicle at the present time is agreed to be $14,500.00.  The $2,770.00 seized in this

3    case and currently in the possession of the United States Marshal shall serve as a bond and in the

4    event the United States does not obtain forfeiture of the $2,770.00, any amounts owed by

5    Claimant under this agreement may be collected from this currency.

6              (n)      Claimant agrees to make all payments on all existing liens in a timely

7    manner during the pendency of the forfeiture.  Claimant shall provide documented proof of each

8    such payment to the United States Attorneys Office.

9              (o)      Claimant shall not remove the defendant vehicle from the State of

10   California without the express written consent of the United States Attorneys Office.

11             (p)      Claimant expressly agrees that violation of any provision of this

12   Stipulation shall constitute a material breach of this agreement and agrees that upon the

13   occurrence of a violation, the United States Attorneys Office may, in its discretion, seize

14   defendant vehicle and maintain custody throughout the pendency of the forfeiture proceeding.

15             (q)      The parties agree that, by entry of this Stipulation to release property,

16   claimant has not substantially prevailed in this litigation.

17             (r)      Claimant hereby agrees to release and to hold the United States, and any

18   agents, servants, and employees of the United States (or any state or local law enforcement

19   agency) acting in their individual or official capacities, harmless from any claim, whether

20   presently or hereinafter known, made by herself arising from and on account of the seizure,

21   custody, and release of defendant vehicle.  The United States shall have no liability for damages

22   or injury caused by use of the defendant vehicle while in the possession of Claimant.

23             (s)      The parties will each bear their own costs and their own attorney's fees in

24   this matter.

25             (t)      The parties agree that there was reasonable cause for the seizure of the

26   defendant vehicle pursuant to 28 U.S.C. § 2465.

27             (u)      All persons signing this Stipulation have read and understand each and

28   every provision herein.  This Stipulation is entered into freely and voluntarily.  By signing this

5       STIPULATION FOR TEMPORARY HARDSHIP RELEASE AND
        ORDER THEREON

1  Stipulation the parties merely intend to provide for the release of the vehicle pending completion

2  of the forfeiture proceedings.   Each person signing this Stipulation is fully authorized to do so,

3  whether on his or her own behalf or as representative for or on behalf of any other party or

4  claimant herein.

5  Dated:  July 14, 2010                                  BENJAMIN B. WAGNER
                                                                    United States Attorney
6

7                                                                    /s/ Deanna L. Martinez
                                                                    DEANNA L. MARTINEZ
8                                                                    Assistant United States Attorney

9
   Dated: 7/13/10                                         /s/ Renatta Carter-Ford
10                                                                  RENATTA CARTER-FORD
                                                                    Claimant
11

12  Dated: 7/13/10                                        /s/ John F. Garland
                                                                    JOHN F. GARLAND
13                                                                  Attorney for Claimant
                                                                    Renatta Carter Ford
14

15                                                                  (original signatures retained by attorney)

16

17                                          **ORDER**

18        Good cause having been shown and based on this stipulation, IT IS HEREBY
    ORDERED that the defendant vehicle be placed in the temporary custody of Claimant Renatta
19  Carter-Ford.IT IS SO ORDERED.

20  **Dated:    July 15, 2010**                        _____/s/ Oliver W. Wanger_____
                                                                    UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

6        STIPULATION FOR TEMPORARY HARDSHIP RELEASE AND
                                                                    ORDER THEREON