BENJAMIN B. WAGNER
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-CV-01004-OWW-GSA |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| 11880 EAST HARVARD AVENUE, SANGER, CALIFORNIA, FRESNO COUNTY, APN 309-352-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| APPROXIMATELY $2,770.00 IN US. CURRENCY, and | |
| 2005 CHEVROLET TRUCK, VIN: 2GCEC19T051249989, LICENSE: 7U34478, | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against real property located at 11880 East Harvard Avenue, Sanger, California, Fresno County, APN: 309-352-021 (hereafter "defendant real property"), approximately $2,770.00 in U.S. Currency (hereafter, "defendant currency") and a 2005 Chevrolet Truck, VIN: 2GCEC19T051249989, License: 7U34478 (hereafter "defendant vehicle").

///

2. A Verified Complaint for Forfeiture *In Rem* was filed on June 10, 2009, seeking the forfeiture of the defendant real property, alleging that said real property constitutes proceeds and/or property used to facilitate a conspiracy to commit or are traceable to violations of 18 U.S.C. §371 (Conspiracy); 18 U.S.C. §§ 1028 and 1028A (Identity Theft); 18 U.S.C. §1029 (Credit Card Fraud); 18 U.S.C. § 1341(Mail Fraud); 18 U.S.C. § §1343 and 1349 (Wire Fraud), offenses punishable by more than one year's imprisonment and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. A Verified Complaint for Forfeiture *In Rem* was filed on November 9, 2009, seeking the forfeiture of the defendant currency and defendant vehicle, alleging that the defendant currency and defendant vehicle constitute proceeds and/or property used to facilitate a conspiracy to commit or are traceable to a violation of 18 U.S.C. § 1028(a)(7) [Identity Theft], 18 U.S.C. § 1029 [Credit Card Fraud], 18 U.S.C. § 1341 [Mail Fraud], 18 U.S.C. § 1343 [Wire Fraud], 18 U.S.C. § 1349 [Conspiracy to Commit Wire Fraud], and 18 U.S.C. §§ 1956 and 1957 [Money Laundering], and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C).

4. On June 30, 2009, in accordance with said Complaint, the defendant real property was posted with copies of the Verified Complaint and Amended Notice of Complaint in a manner consistent with the requirements of 18 U.S.C. § 985.

5. On November 10, 2009, the Clerk issued a Warrant for Arrest for the defendant currency and defendant vehicle, which was duly executed on November 17, 2009.

6. Beginning on August 7, 2009, for at least 30 consecutive days, the United States published notice of the action against the defendant real property on the official government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on September 17, 2009.

7. Beginning on November 13, 2009, for at least 30 consecutive days, the United States published notice of the action against the defendant currency and defendant vehicle on the official  government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on December 15, 2009.

8.      In addition to public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

      a.    Renatta Carter-Ford

      b.    Bank of America N.A.

      c.    GMAC Inc.

7.      Apart from Claimants Renatta Carter-Ford, Bank of America N.A., and GMAC Inc., no other parties have filed claims and answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

8.      On September 7, 2011, GMAC Inc. formally withdrew their verified claim as to the defendant vehicle, leaving Renatta Carter-Ford and Bank of America N.A. as the only remaining claimants.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.      The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.      That judgment is hereby entered against Claimants Renatta Carter-Ford, Bank of America N.A., GMAC Inc., and all other potential claimants who have not filed claims in this action.

3.      Upon entry of a Final Judgment of Forfeiture herein, the defendant approximately $2,770.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

4.      Claimant Renatta Carter-Ford shall pay to the United States the sum of $[redacted] as a substitute *res* in lieu of the defendant real property within forty-five (45) days from the date of signing this Stipulation for Final Judgment of Forfeiture. Claimant Renatta Carter-Ford shall send a cashier's check in the amount of $[redacted] made payable to the U.S. Marshals Service. The check shall be sent to the U.S. Attorneys Office, Att: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721. Said $[redacted] shall be

substituted as the *res* herein, and shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.  Upon payment of the sub *res*, the United States agrees to forego any further action against the defendant real property based on the facts alleged in the Verified Complaint.  Within fourteen days of payment of the sub *res*, the United States will send a Withdrawal of *Lis* Pendens to the Fresno County Recorder.

5. Additionally, upon payment of the sub *res*, the United States agrees to forego any further action against the defendant vehicle.[1]

6. That plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting, seizure, arrest, or forfeiture of the defendant real property, defendant vehicle, and defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

7. Claimant Renatta Carter-Ford shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear expected, until she has paid the sub *res* of $_____ to the United States.  The term "maintain" shall include where applicable, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

8. Until Claimant Renatta Carter-Ford has paid the sub *res* of $_____ to the United States, Claimant Renatta Carter-Ford shall maintain any and all loan payments and insurance policies currently in effect with respect to the defendant real property, including

---

[1] Claimant Renatta Carter-Ford is already in possession of the defendant vehicle. See Stipulation and Order for Hardship Release entered July 16, 2010. (Docket No. 29)

1  policies covering liability to persons injured on said property and for property damage to the
2  defendant real property.  Claimant Renatta Carter-Ford shall arrange for the inclusion of a rider
3  to all of the above-mentioned policies naming the U.S. Marshals Service as the secondary
4  beneficiary of the insurance policy.

5        9.     Until Claimant Renatta Carter-Ford has paid the sub *res* of $▒▒▒▒▒▒ set forth
6  herein, Claimant Renatta Carter-Ford shall allow the U.S. Marshals Service personnel, or its
7  agent, the right to enter and inspect the defendant real property and all buildings thereon on a
8  monthly basis upon 24 hours written notice, which written notice includes, but is not limited to,
9  email notice.

10        10.    Until Claimant Renatta Carter-Ford has paid the sub *res* of $▒▒▒▒▒▒ in full to
11  the United States, Claimant Renatta Carter-Ford shall not convey, transfer, encumber, lien, or
12  otherwise pledge the defendant real property without the prior, written approval of the United
13  States.  If the United States is satisfied that it will be paid in full, then it will provide written
14  consent to Ms. Carter-Ford to encumber or pledge the defendant real property.

15        6.     That pursuant to the stipulation of the parties, and the allegations set forth in the
16  Complaints filed on or about June 10, 2009 and November 9, 2009, the Court finds that there
17  was reasonable cause for the posting, seizure, and arrest of the defendant real property, defendant
18  vehicle, and defendant currency, and for the commencement and prosecution of this forfeiture
19  action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered
20  accordingly.

21        7.     All parties shall bear their own costs and attorneys' fees.

22        8.     The Court shall maintain jurisdiction to enforce the terms of this Final Judgment
23  of Forfeiture.

24       IT SO ORDERED....
25  Date: September 20, 2011

27                  /s/ OLIVER W. WANGER
                   OLIVER W. WANGER
28                   United States District Judge

///

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaints for Forfeiture *In Rem* filed June 10, 2009 and November 9, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting, seizure, or arrest of the defendant real property, defendant vehicle, and defendant currency, and for the commencement and prosecution of this forfeiture action.

Dated: September 22, 2011          /s/ OLIVER W. WANGER
                                   OLIVER W. WANGER
                                   United States District Judge